Mr. Ron Oliver, Chairman Pulaski County Election Commission 201 South Broadway, Suite 360 Little Rock, Arkansas 72201
Dear Mr. Oliver:
I am writing in response to your request for an opinion on the legality of certain absentee ballot applications. Specifically, you note that:
 Various internet sites are providing Requests for Absentee Ballots, i.e., newvoter.com. Voters may download this form, fill it out, and return it to their respective County Clerk's office. The form appears to be deficient in that there is no explanation or reason that the voter must give as to why he/she is requesting to vote by absentee ballot. Additionally, the internet requests do not indicate for which election the voter is requesting an absentee ballot, nor the voter's date of birth.
You have enclosed a copy of an internet absentee ballot request form and, for comparison purposes, the application form used by the Pulaski County Clerk's office pursuant to A.C.A. § 7-5-405. You seek my opinion "as to the legality of using these internet generated absentee ballot requests. . . ."
RESPONSE
It is my opinion that such internet-generated forms must, in order to be treated as a valid absentee ballot application, contain sufficient information to allow the county clerk to verify the authenticity of the request. The particular form you have enclosed does not meet this standard. As an initial matter, the application must include the reason the voter is requesting an absentee ballot. The only persons authorized to vote by absentee ballot in Arkansas are those persons who will either be unavoidably absent from their voting place on election day, or who will be unable to attend the polls on election day because of illness or physical disability. A.C.A. § 7-5-402.[1] In addition, the request must include the voter's name, address, date of birth and signature. Again, the form you have supplied does not include the date of birth and therefore cannot be treated as a valid absentee ballot application. In my opinion, however, despite the fact that the internet-generated letter cannot be treated as an actual "application" for an absentee ballot, it does have the effect of requesting the clerk to mail the voter an application for an absentee ballot in accordance with A.C.A. §7-5-403(b)(1).
Absentee voting is governed by A.C.A. §§ 7-5-401 to -418 (Repl. 2000). Entitlement to vote by absentee is governed by A.C.A. § 7-5-402, which provides as follows:
 The following persons, if possessing the qualifications of electors, may cast an absentee ballot in any election:
 (1) Any person who will be unavoidably absent from his voting place on the day of election; and
 (2) Any person who will be unable to attend the polls on election day because of illness or physical disability.
The Arkansas Supreme Court has noted that only the persons described above may cast absentee ballots. Womack v. Foster, 340 Ark. 124, 152,8 S.W.3d 854 (2000). Failure to indicate a statutory reason for voting absentee on the application disqualifies a voter from casting an absentee ballot. Id. at 153.[2] These provisions must be strictly construed.Id. In my opinion, therefore, the particular internet-generated form you have enclosed, because it lacks this feature, may not be treated as a valid application for an absentee ballot. The county clerk must have information sufficient to determine that the voter is eligible to vote by absentee ballot.
In addition, the actual application procedure for obtaining an absentee ballot is addressed in A.C.A. § 7-5-403. This statute sets out the manner in which absentee ballots may be requested and the duties of the county clerk in this regard. Particularly pertinent for purposes of this opinion are the following provisions:
 (a)(1) Applications for absentee ballots must be signed by the applicant and verified by the county clerk by checking the voter's name, address, date of birth and signature from the registration records[3] or, if sent by facsimile machine transmitted over telephone lines, the application must bear a verifiable facsimile of the applicant's signature.
 (2) Delivery of the request for an absentee ballot to the county clerk may be made in one (1) of the following ways, and in no other manner:
 (A) For applications submitted using the form prescribed in § 7-5-405
[the county clerk's form]:
(i) In person . . .
(ii) . . . by mail . . .
(iii) [by] designated bearer . . .
(iv) [by] authorized agent [with medical affidavit].
* * *
 (B) If the applicant does not use the form prescribed in § 7-5-405, he may make an application for an absentee ballot as follows:
 (i) A letter or postcard must be received in the office of the county clerk not later than seven (7) days before the date of the election. The letter or postcard shall contain information sufficient for the county board of election commissioners and the county clerk to accept the letter or postcard in lieu of the application form; or
 (ii) An applicant may transmit a written request for an absentee ballot over the telephone lines, which shall contain the voter's signature and other information sufficient for acceptance in lieu of the application form.
 (b)(1) Any person eligible to vote by absentee ballot may request the county clerk to mail to an address within the continental United States an application for an absentee ballot.
* * *
A.C.A. § 7-5-403 (emphasis added).
The standard application form used by the county clerk (detailed at A.C.A. § 7-5-405) is not the exclusive method by which an absentee ballot may be requested. The statute above allows application to be made by letter, postcard or a written request over the telephone lines. There is thus nothing to prohibit internet-generated letters from serving as valid absentee ballot applications. It is clear, however, that such letters, postcards or other written requests must include "information sufficient for the . . . county clerk to accept the letter or postcard [or written telephone line request] in lieu of the application form." A.C.A. §7-5-403(a)(2)(B)(i) and (ii). At a minimum, (in addition to the reason for voting absentee) such a letter or other request must contain the name, address, date of birth and signature of the applicant, so the county clerk can verify the application in accordance with A.C.A. §7-5-403(a)(1). Because the internet-generated letter you enclose does not include the reason for voting absentee or the voter's date of birth, it is my opinion that it cannot be treated as a valid absentee ballot application.[4]
The particular internet-generated letter you enclose, however, concludes by stating that: "If I need to complete a specific absentee ballot request application to vote absentee in Arkansas, please send this application to the above address." This is a proper request under A.C.A. § 7-5-403(b)(1) for an application to vote by absentee ballot. Thus, while the internet-generated letter you have enclosed does not authorize the clerk to mail the voter an absentee ballot, it does require the clerk to mail the voter an application for such a ballot.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This is a distinct concept from "early voting" which takes place at the county clerk's office. Cf. A.C.A. § 7-5-418 (Repl. 2000) and Womackv. Foster, 340 Ark. 124, 160-161, 8 S.W.3d 854 (2000).
[2] The Womack case involved the use of the standard application form set out at A.C.A. § 7-5-405. In my opinion, however, the same analysis applies to other letters, postcards or requests under A.C.A. §7-5-403(a)(2)(B).
[3] The emphasized language was added by Acts 1999 No. 1111.
[4] You also indicate that the letter you enclose "does not indicate for which election the voter is requesting an absentee ballot." The letter states that: "I need to vote absentee by mail for the following upcoming election(s): General election." The letter is dated October 10, 2000 and in my opinion is clear in seeking a ballot for the November 7th general election of 2000.